IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| STEVEN E. LAWSON, | )<br>) |
| Plaintiff, | ) No. 11-83 EJM<br>) |
| vs. | ) ORDER<br>) |
| MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for social security disability and supplemental security income benefits. The briefing schedule concluded February 7, 2012. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

Claiming an onset date of November 6, 2006, plaintiff alleges disability due to post traumatic stress disorder (PTSD), major depression, and multiple unspecified anxiety disorders. The Administrative Law Judge (ALJ) found plaintiff's combined severe impairments include depression, anxiety, PTSD, dyssomnia, status post electrocution in 1995, and a history of drug and alcohol addiction, but further found plaintiff retained the residual functional capacity to perform substantial gainful activity. Plaintiff asserts the ALJ erred in giving significant weight, and great weight, to the opinions of Drs. Watkins, Ryan, Christiansen, and Tashner, yet failing to incorporate all noted limitations into his

residual functional capacity assessment. He urges that the primary differences between the ALJ's findings and the views of Drs. Watkins, Ryan, Christiansen, and Tashner, is that the ALJ's findings failed to include lapses in his ability to maintain attention, concentration, and pace, daily issues with irritability and anger, the periodic inability to complete tasks, and the need for an unreasonable number and length of rest periods. Additionally, plaintiff asserts that the ALJ failed to properly evaluate his subjective allegations, erroneously finding that the degree of limitation claimed was inconsistent with relatively weak medical evidence, and that periods of temporary improvement or remission of symptoms are not inconsistent with his allegations. Plaintiff further asserts that the ALJ erred in failing to consider his efforts at school and seeking employment, his work history, erred in failing to consider the substantiality and episodic effectiveness of medications, and erred in finding his daily activities to be diverse and inconsistent with his allegations. Accordingly, he asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

Upon review of the record as a whole, it is the court's view that the ALJ erred in finding plaintiff's subjective allegations to be inconsistent with the views of consulting examiner Dr. Watkins, who rendered an opinion following evaluation of plaintiff:

> [Plaintiff] would have very significant difficulty maintaining attention, concentration, and pace due to his depression, anxiety, and heavy medications. He would likely have difficulty interacting appropriately with supervisors, co-workers and the public, as he is easily aroused and becomes quite irritable and angry on a daily basis. An overload of stress, which might be considered minimal for most people, would tend to be overwhelming for him. His judgment and response to changes in the workplace would likely be negatively affected by his depression and anxiety levels.

T. 569. The ALJ assigned "significant weight," T. 17, and "great weight," T. 20, to the views of Dr. Watkins. It is the court's further view that plaintiff's allegations are not inconsistent with the views of non-examining consultant Dr. Christiansen, T. 572 (who observed that the material in the file is consistent and supports the allegations in a general way, apart from some inconsistency with then current treating source Veterans Administration), or the observations of treating physician Buckingham of the Veterans Administration, T. 732-737, who detailed plaintiff's multiple signs and symptoms, noted plaintiff's limited daily function, and while observing the Veterans Administration is unable to provide assessment of impairment level for the purpose of occupational functioning, T. 734, noted plaintiff is not a malingerer. T. 737. Likewise, upon this record it is the court's view that the ALJ erred in finding plaintiff's daily activities to be diverse and inconsistent with

3

his allegations, and erred in finding the testimony of plaintiff's wife to be inconsistent with the preponderance of opinions and observations by medical doctors, including the observations of Dr. Buckingham and examining consultant Dr. Watkins, which were afforded significant/great weight.

Upon the foregoing, the court finds the Commissioner's decision is not supported by substantial evidence on the record as a whole. This matter shall be reversed and remanded for further consideration, including as to the medical record and plaintiff's subjective allegations in accordance herewith.

It is therefore

ORDERED

Reversed and remanded for further consideration.

June 29, 2012.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT